**Richard B. TREANOR, Plaintiff,**

v.

**The WASHINGTON POST COMPANY, Defendant.**

Civ. A. No. 93–1475.

United States District Court, District of Columbia.

July 28, 1993.

---

Richard B. Treanor, pro se.

Lynn Charytan of the Washington Post, Washington, DC, for defendant.

---

## ORDER

CHARLES R. RICHEY, District Judge.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a status conference in the above-captioned case on July 27, 1993, during which counsel for the Defendant made an oral motion to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint failed to state a claim upon which relief could be granted. The Court, after hearing both parties, granted the Defendant's motion to dismiss.

■ The Plaintiff is a disabled individual who brought suit against the Defendant pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12182 ("the ADA"). The Plaintiff, who has written a book on the history of civil rights for disabled people, claims that the Defendant is obligated to publish a review of his book in the Defendant's newspaper. The Plaintiff asserts that the Defendant has published reviews of similar books by non-disabled authors, and that the Defendant's refusal to review the Plaintiff's book constitutes discrimination in violation of the ADA.

The Plaintiff relies on Subchapter III of the ADA, which deals with public accommodations and services operated by private entities. Specifically, 42 U.S.C. § 12182 provides that:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of any place of *public accommodation* by any person who owns, leases (or leases to), or operates a place of *public accommodation.*

§ 12182(a) (emphasis added). The Plaintiff argues that the Defendant is a "public accommodation" within the meaning of § 12182.

However, the ADA specifically lists those private entities that constitute "public accommodations" for purposes of the ADA, and newspapers are not included. Public accommodations include, *inter alia:* inns, hotels, motels, restaurants, bars, theaters, stores, banks, museums, parks, schools, and health clubs. 42 U.S.C. § 12181. Newspapers, and book review columns in newspapers, are not included within the ADA's definition of public accommodations. Furthermore, none of the facilities that *are* mentioned in § 12181 are comparable to a newspaper column. There is a fundamental difference between having access to the neighborhood grocery store and asserting a so-called right to have a book reviewed by a newspaper. Thus, newspaper columns are not "public accommodations" within the meaning of the ADA.

■ The Court notes that its "plain meaning" construction of §§ 12181–12182 also avoids the potential constitutional difficulties the ADA might encounter if its provisions were interpreted to require newspapers to publish certain reviews, articles, or columns. "The choice of material to go into a newspaper, and the decisions made as to limitations on the size and content of the paper ... constitute the exercise of editorial control and judgment." *Miami Herald Publishing Co. v. Tornillo,* 418 U.S. 241, 258, 94 S.Ct. 2831, 2840, 41 L.Ed.2d 730 (1974). Governmental intrusion into the editorial process is clearly a violation of the First Amendment freedom of the press. *Id.* at 256, 94 S.Ct. at 2838. Consequently, the Plaintiff's proposed interpretation of the ADA, requiring newspaper editors to publish certain articles or reviews would likely be inconsistent with the First Amendment.

■ Thus, the Court's interpretation that newspaper columns are not "public accommodations," and that an editorial decision to publish particular book reviews is not a "service" within the meaning of the ADA, is both

consistent with the plain meaning of the statute and avoids any conflict with the First Amendment. Consequently, the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the case must be dismissed pursuant with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, it is, by the Court, this 28 day of July, 1993,

ORDERED that Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED without prejudice to the Plaintiff's filing a Motion for Reconsideration on or before 4:00 p.m. on August 13, 1993; and it is

FURTHER ORDERED that the Court will not assess costs against the Plaintiff at this time, but will reserve the right to review its decision and assess costs, if appropriate, at a later date.